UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT D. HUDSON, | ) |
| Petitioner, | ) |
| vs. | ) No. 4:08-CV-1959 (CEJ) |
| STEVE LARKINS, | ) |
| Respondent. | ) |

## **MEMORANDUM**

This matter is before the Court on the petition of Robert Hudson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.  **Background**

On November 20, 2003, petitioner was found guilty, following a bench trial before the Circuit Court for Dunklin County, Missouri of first-degree murder, first-degree robbery, and two counts of armed criminal action.[1] Resp. Ex. A 180-81. The evidence at trial established that, on November 29, 2002, petitioner and his stepson, Timmy Jackson, went to the home of Jimmy Grills to collect money that he owed petitioner. After conversing with Grills for several minutes, petitioner demanded money and pointed a gun at Grills when he refused to pay. Two shots were fired before the gun malfunctioned. While petitioner and Grills struggled, Jackson gave petitioner knife. Petitioner stabbed Grills repeatedly with the knife. While Grills lay wounded on the floor, petitioner told Jackson to take his wallet. Petitioner then went to the bathroom to wash off the blood. When petitioner returned and saw that Grills

---

[1] Petitioner executed a written waiver of his right to a jury trial in exchange for the State's agreement that it would withdraw its notice of aggravating circumstances and not seek the death penalty in petitioner's case.

was still alive, he resumed the attack by stabbing Grills several more and attempting to break his neck. Grills died from the knife wounds inflicted by petitioner.

On January 22, 2004, the trial court sentenced petitioner to life imprisonment without parole for first-degree murder and thirty-years imprisonment for one count of armed criminal action, to be served concurrently. Id. at 185. Petitioner was sentenced to an additional thirty-years imprisonment for robbery and armed criminal action, to be served consecutively to his murder sentence. Id. On January 11, 2005, the Missouri Court of Appeals for the Southern District affirmed petitioner's convictions. State v. Hudson, 154 S.W.3d 426 (Mo. Ct. App. 2005); Resp. Ex. E.

On April 7, 2005, petitioner filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15. Resp. Ex. H 5-15. An evidentiary hearing was held on September 14, 2006. Id. at 52. On October 4, 2006, the trial court denied petitioner's Rule 29.15 motion. Id. at 36-47. The appeals court summarily affirmed the trial court's denial of post-conviction relief in a per curium opinion issued on February 19, 2008. Resp. Ex. K. Along with its opinion, the appeals court issued to the parties an non-precedential addendum explaining the basis for its decision. Id.

In the instant § 2254 petition, petitioner asserts four grounds for relief: (1) that his conviction for first-degree murder was not supported by evidence of deliberation; (2) that he was denied effective assistance of counsel in waiving his rights to a preliminary hearing and jury trial; (3) that he was denied effective assistance of counsel because his post-conviction appeal counsel failed to raise six grounds asserted in petitioner's post-conviction motion; (4) that he was denied effective assistance of counsel when his trial attorneys failed to argue that petitioner acted in self-defense.

## II. Legal Standard

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406.

"Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir.2004). "[T]he prisoner has the burden of rebutting the presumption of correctness by clear and convincing evidence." Barnett v. Roper, 541 F.3d 804, 811 (8th Cir. 2008).

### III. Discussion

#### A. Ground One

Petitioner first argues that his conviction for first-degree murder was not supported by evidence that showed he deliberated prior to killing Grills. Deliberation is an element of first-degree murder under Missouri law. Mo. Rev. Stat. § 565.020(1). Deliberation is defined as "cool reflection for any length of time no matter how brief." Mo. Rev. Stat. § 565.002(3).

"Constitutionally, sufficient evidence supports a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Garrison v. Burt, 637 F.3d 849 (8th Cir. 2011) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979). Under 28 U.S.C. § 2254(d)(1), a federal court may grant relief only if the state court's application of the Jackson sufficiency-of-evidence standard was "both incorrect and unreasonable." Id. (quoting Cole v. Roper, 623 F.3d 1183, 1187 (8th Cir.2010); see also Skillicorn v. Luebbers, 475 F.3d 965, 977 (8th Cir.2007)

(recognizing the scope of review of the state court's determination of whether evidence was sufficient is "extremely limited").

Petitioner raised this ground in his direct appeal. The appeals court applied the same standard that governs review of convictions by jury trial and found that there was sufficient evidence in the trial record from which a reasonable trier of fact could have found defendant guilty beyond a reasonable doubt. Hudson, 154 S.W.3d 426, 429. The appeals court based this determination on the testimony of Jackson that petitioner "had the opportunity to terminate his attack on Grills in that the attack was a prolonged struggle" and went to wash his hands prior to resuming his attack on the wounded Grills. Id. (citing State v. Ervin, 979 S.W.2d 149, 159 (Mo. banc 1998), cert. denied, 525 U.S. 1169 (1999) ("Evidence of a prolonged struggle, multiple wounds, or repeated blows may ... support an inference of deliberation.").

Here, the state court applied that same evidentiary standard set forth in Jackson, 443 U.S. 30. The state court's determination that there was sufficient evidence such that a reasonable trier of fact could find beyond a reasonable doubt that petitioner deliberated before inflicting wounds that contributed to Grills death was not unreasonable. As such, petitioner's first ground for relief is without merit.

**B. Ground Two**

Petitioner next argues that his trial counsel was ineffective for recommending that he waive his right to a preliminary hearing and jury trial.

In order to succeed on his ineffective-assistance-of-counsel claim, petitioner must show not only that his counsel's performance was deficient, but that he was prejudiced by his counsel's incompetence. Nelson v. Hvass, 392 F.3d 320, 323 (8th Cir. 2004) (citing Strickland v. Washington, 466 U.S. 668 (1984)). With respect to the

first <u>Strickland</u> prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. <u>Strickland</u>, 466 U.S. at 689. Prejudice requires that there be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. <u>Id.</u>; <u>Hill v. Lockhart</u>, 474 U.S. 52, 58-59 (1985) (two-part <u>Strickland</u> test applies to ineffective assistance claims arising out of the plea process). A reasonable probability is a probability sufficient to undermine confidence in the outcome. <u>Id.</u> at 694.

Further, in order to obtain relief under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state court applied <u>Strickland</u> incorrectly. <u>Bell v. Cone</u>, 535 U.S. 685, 699 (2002). "Federal habeas courts must guard against the danger of equating unreasonableness under <u>Strickland</u> with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard." <u>Harrington v. Richter</u>, 131 S.Ct. 770, 788 (2011).

Here, the post-conviction appeal court, in its non-precedential addendum, correctly invoked the two-part <u>Strickland</u> test in finding petitioner's ineffective assistance claims without merit. With respect to the petitioner's preliminary hearing, the appeals court found that there was no reasonable likelihood that petitioner would have been discharged for lack of probable cause had he not waived his preliminary hearing. The appeals court also determined that the lack of a preliminary hearing did not affect petitioner's right to prepare an adequate defense. Because the state court reasonably found that petitioner could not show prejudice, petitioner's claim that he received ineffective assistance of counsel in waiving his preliminary hearing is without

merit.

The appeals court also found petitioner's jury-waiver to have been made voluntarily and with effective assistance of counsel. Petitioner, on the advice of counsel, waived his right to a jury trial in exchange for the State's withdrawal of its notice of aggravating circumstances. Under Missouri law, aggravating circumstances support the death penalty when murder is committed for the purpose of receiving money from the victim or was outrageously or wantonly vile, horrible or inhumane in that it involved torture or depravity of mind. See State v. Cook, 67 S.W.3d 718 (Mo. Ct. App. 2002). The appeals court found that petitioner "was not coerced into waiving a jury trial, and his attorneys were not ineffective in recommending the waiver" because "[t]he death penalty was a viable punishment which the State was entitled to pursue." Resp. Ex. K (quoting the trial court's order denying post-conviction relief; (Resp. Ex. 36-47)). The Court finds this application of Strickland was not unreasonable. Cf. Nelson, 392 F.3d at 323 (advice of counsel to waive jury trial was not ineffective where petitioner received "a real benefit that provided ample incentive for him to waive a jury trial."). Therefore, petitioner's claim that he did not voluntarily waive his right to a jury trial based on ineffective assistance of counsel does not entitle him to relief under 28 U.S.C. § 2254.

**C.  Ground Three**

Petitioner next asserts that his post-conviction appeal counsel was ineffective for failing to argue on appeal six claims[2] contained in petitioner's motion for post-

---

[2] Petitioner incorporates these six grounds into his § 2254 petitioner by reference. The six grounds are: (1) trial counsel was ineffective for recommending that petitioner to waive his preliminary hearing; (2) trial counsel was ineffective for advising petitioner to waive his right to a jury trial; (3) trial counsel was ineffective for failing to prepare a legal defense on petitioner's behalf; (4) trial counsel was

-7-

conviction relief under Rule 29.15. Mo. Sup. Ct. Rule 29.15. Two of these claims--lack of effective counsel petitioner's waiver of his preliminary hearing and jury trial--were raised separately in the § 2254 petition and have already been addressed. The remaining four claims--asserting additional ineffective assistance arguments-- were not raised by petitioner on direct appeal or in his post-conviction appeal and, thus, are procedurally barred from review under 28 U.S.C. § 2254.

As a prerequisite to seeking federal habeas corpus relief, a state prisoner must fairly present his claims to the state courts on direct appeal or in post-conviction proceedings. Murphy v. King, 652 F.3d 845, 848-50 (8th Cir. 2011) (citing Baldwin v. Reese, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus … shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir.1996). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." Id. at 411-12. Similarly, a claim is also procedurally barred from federal review if the state court relied upon a state procedural rule as an independent and adequate basis for its disposition of the claim. Caldwell v. Mississippi, 472 U.S. 320, 327 (1985).

A state prisoner can overcome procedural default if he demonstrates cause and

---

ineffective for failing to impeach a State's witness, Timmy Jackson; (5) appellate counsel was ineffective for failing to appeal the trial court's denial of petitioner's motion to suppress; and (6) appellate counsel was ineffective for failing to appeal the trial court's denial of petitioner's motion to suppress evidence. Resp. Ex. H 7-8.

actual prejudice.  Coleman v. Thompson, 501 U.S. 722, 750 (1991); Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1994).  A demonstrated claim of actual innocence will also overcome procedural default.  U.S. v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001) (citing Bousley v. United States, 523 U.S. 614, 621 (1998)).

"It is well established that ineffective assistance of counsel during state post-conviction proceedings cannot serve as cause to excuse factual or procedural default." Wooten v. Norris, 578 F.3d 767 (8th Cir. 2009) (citing Coleman v. Thompson, 501 U.S. 722, 752-55 (1991); Simpson v. Norris, 490 F.3d 1029, 1033 (8th Cir.2007) ("[W]here there is no constitutional right to counsel there can be no deprivation of effective assistance.")); see also 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Furthermore, where the basis for petitioner's claims were available to appellate counsel, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for procedural default." Murphy, 652 F.3d at 850 (quoting Murray v. Carrier, 477 U.S. 478, 486 (1986)).

The only cause alleged by petitioner for his failure to appeal the claims contained in his Rule 29.15 motion is that his post-conviction appeal counsel was ineffective. This allegation is insufficient to establish cause.  Oglesby v. Bowersox, 592 F.3d 922, 925-26 (8th Cir.2010) (default not excused when post-conviction counsel failed to raise a claim in amended 29.15 motion, or on appeal from the denial of that motion).  Nor has petitioner demonstrated a fundamental miscarriage of justice would result from a failure to consider his defaulted claims.  Id. ("To meet this exception, 'a habeas

petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" (internal quotation omitted)). As such, the Court need not address actual prejudice or the merits of petitioner's procedurally-defaulted claims because petitioner's third ground for relief is barred from review under 28 U.S.C. § 2254.

### D. Ground Four

Finally, petitioner argues that he received ineffective assistance of counsel because his trial counsel did not argue petitioner acted in self-defense in killing Grills. Petitioner did not raise this argument in his direct or post-conviction appeal. Nor has he shown cause, prejudice, or actual innocence to excuse his failure to exhaust his state-court remedies under this claim. Thus, federal review of petitioner's fourth ground for relief is procedurally barred. Oglesby, 592 F.3d at 925-26.

Moreover, petitioner's fourth ground for relief fails on the merits. The post-conviction motion court reasonably found that petitioner's trial counsel was not ineffective for declining to argue that petitioner acted in self-defense. Resp Ex. H, p. 41-47. "[I]n order to claim self-defense in Missouri, the defendant: (1) must not have provoked the assault; . . . (3) must not use more force than what appears reasonably necessary; and (4) must do everything in his power consistent with his own safety to avoid the danger and retreat if possible." Id. (quoting State v. Dulaney, 989 S.W.2d 648, 651 (Mo. Ct. App. 1999)). Although petitioner testified at the post-conviction hearing that he acted in self-defense and that he had asked his trial counsel to present this defense at trial, the evidence at trial was that petitioner was the initial aggressor and that he renewed his attack while Grills was incapacitated. Thus, the motion court reasonably concluded that petitioner could not demonstrate incompetence nor

prejudice as a result of his trial counsel's refusal to argue petitioner acted in self-defense where "it was apparent that a claim of self-defense had little likelihood of success." Id.

## IV. Conclusion

For the reasons discussed above, the Court finds that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings. 28 U.S.C. § 2254(d). Because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of February, 2012.